UNITED STATES OF AMERICA
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

CIVIL ACTION NO._____


**THERESA I. WHITAKER**                                                                               **PLAINTIFF**

**vs.**                                                              **COMPLAINT**


**MEKECHNIE VEHICLE COMPONENTS (USA) or**
**MCKECHNIE VEHICLE COMPONENTS (USA)**                               **DEFENDANTS**

**PLEASE SERVE:**

**Tom Gougherty**
**General Plant Manager**
**801 John C Watts Drive**
**Nicholasville, KY 40356**

and

**Linda Torakis**
**801 John C Watts Drive**
**Nicholasville, KY 40356**

and

**Mike Torakis**
**801 John C Watts Drive**
**Nicholasville, KY 40356**


\*\*\*\*\*     \*\*\*\*\*     \*\*\*\*\*

Comes the Plaintiff, Theresa Whitaker (hereinafter "Plaintiff"), by and through counsel, and for her Complaint against the Defendant states as follows:

**JURISDICTION AND VENUE**

1. That this action arises under the laws of the United States, specifically The Americans with Disability Act and the Family Medical Leave Act, and the State of Kentucky

      Disability Act, Chapter KRS 344 et.seq.

2. That the jurisdiction of this Court is invoked under the provisions of the United States Constitution and the Kentucky Constitution, this being an action arising under the laws of the United States and the State of Kentucky as well as being an action to recover damages and equitable relief established by the United States Constitution and the Kentucky State Legislature for the protection of one's civil rights.

3. That the acts herein complained of occurred within Jessamine County, in the State of Kentucky, and Venue of such matters as complained of herein is placed in the United States District Court, Eastern District of Kentucky.

4. That the agent for service of process for the Defendants are as follows, Tom Gougherty, general plant manager and Linda and Mike Torakis, owners and operators. The service address for all of the above named individuals is 801 John C Watts Drive, Nicholasville, KY 40356.

5. That the Plaintiff's Right to Sue letter was mailed to her on April 28, 2010. That the Complaint is filed within ninety (90) days of receipt of the Plaintiff's Right to Sue letter, a copy of which is attached hereto as Exhibit A.

## PARTIES

6. That the plaintiff is a white female, age sixty two, and at the time of the allegations stated herein was a resident of the State of Kentucky, Jessamine County, and during the occurrence of the allegation alleged herein resided at 415 Hickory Hill, Nicholasville, Kentucky 40356.

7. That all Defendants, are doing business in Jessamine County and is an Employer as defined by The Americans with Disability Act KRS 344.030 (2) and the Family Medical

Leave Act.

8. That the Plaintiff began her employment April 30, 1984 and was terminated effective July 15, 2009 in violation of the Americans with Disability Act 1990 and in violation of KRS 344.030 (2) Family Medical Leave Act (hereinafter FMLA).

## COUNT I -AMERICANS WITH DISABILITY ACT 1990

9. That Plaintiff alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 8 above as if set out in full herein.

10. That the Defendants discriminated against the Plaintiff, in that the Defendants treated the Plaintiff different with respect to privileges of employment because of the Plaintiff's disability. Moreover, because the Plaintiff had cancer the Defendant perceived and treated the Plaintiff as though the Plaintiff affected one or more of the Plaintiff's essential life functions. And in addition, because the Plaintiff required radiation therapy, the Defendant viewed the Plaintiff as having a disability which could not be accommodated.

11. That the Plaintiff was a qualified individual with a perceived disability but she could perform the essential functions of her job. Moreover, but because Plaintiff had cancer, the Defendant treated the plaintiff as though the cancer effected one or more of the plaintiff's essential life functions.

12. The Defendant's head of personnel told Plaintiff that because of her cancer, there was nothing that plaintiff could do or be able to do and then terminated the Plaintiff. However, the Defendant failed or refused to explore whether there were reasonable accommodations that were available for the Plaintiff's alleged disability.

13. Even if the plaintiff had an actual disability that effected her essential life functions, the plaintiff could have still performed her job with reasonable accommodations. However

      the defendant failed or refused to explore whether there were reasonable accommodations that were available to accommodate the plaintiff's alleged disability.

14.     That on or about July 29, 2009, the Plaintiff received a letter effective July 15, 2009 saying that she was terminated because she had exhausted her FMLA time, even though there was still time available and she had vacation time that she had accumulated.

## COUNT 2-PENDENT STATE CLAIM UNDER KRS 344

15.     That Plaintiff alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above as if set out in full herein.

16.     That the Defendants discriminated against the Plaintiff, in that the Defendants treated the Plaintiff different with respect to privileges of employment because of the Plaintiff's perceived disability. Moreover, the Defendant was regarded as having a disability which is a violation of the KRS 344.

17.     That the Plaintiff was a qualified individual with a perceived disability but she could perform the essential functions of her job. Moreover, but because Plaintiff had cancer, the defendant treated the plaintiff as though the cancer effected one or more of the Plaintiff's essential life functions.

18.     That even if the Plaintiff had an actual disability that effected her essential life functions, the plaintiff could have still performed her job with reasonable accommodations. However the defendant failed or refused to explore whether there were reasonable accommodations that were available to accommodate the plaintiff's alleged disability.

19.     That the Defendant limited, segregated the plaintiff in a way which tend to deprive the plaintiff of employment opportunities in violation of KRS 344., when the Defendant

       terminated the Plaintiff because of her disability under KRS 344.010 (4) (c).

20.     That the Defendant's perceived the Plaintiff as being a qualified individual for the position she held.

## COUNT THREE- VIOLATION OF FAMILY MEDICAL LEAVE ACT

21.     That Plaintiff alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20 above as if set out in full herein.

22.     The Plaintiff was entitled to twenty six weeks of FMLA.

23.     That the Plaintiff received a letter from the defendant on July 29, 2009 stating that she had exhausted her benefits under FMLA and was terminated effective July 15, 2009.

24.     That the Plaintiff still had time left on her FMLA and several weeks of vacation that Plaintiff could have taken, but was not given the opportunity.

25.     That the reason why the Plaintiff was not given the opportunity to use her vacation is because the Defendant perceived that there was nothing she could do because of her cancer.

26.     The Plaintiff could have returned to work if she had known that her job was in jeopardy because she had exhausted her FMLA, but she was informed by the Defendants that this was not a concern.

27.     That the Plaintiff's cancer is in remission and Plaintiff could have received radiation therapy around her work schedule.

28.     That the Defendant's conduct constitutes gross negligence and a deliberate disregard to the Plaintiff's constitutional rights which entitles the Plaintiff to punitive damages.

       WHEREFORE, the Plaintiff demands as follows;

1. Judgement against the Defendant for actual or back pay, including loss of benefits, amount undetermined;

2. Trial by jury;

3. Compensatory damages in excess of the minimum jurisdictional limits of this Court;

4. Punitive damages of $1,000,000.00;

5. Embarrassment and humiliation $500,000.00;

6. Post Judgement Interest at the Legal rate;

7. Award the Plaintiff the costs and expenses of this action, including a reasonable attorney fee;

8. For an Order enjoining the Defendant from engaging in such conduct in the future;

9. For an Order requiring the Defendant to offer plaintiff that position that she is entitled to but for the defendant's discrimination;

10. Such other or alternative relief, both legal and equitable, as the court deems just and proper.

Respectfully submitted,

By: s/ H. Wayne Roberts
Hon. H. Wayne Roberts
Attorney for Plaintiff
333 West Vine Street, Ste. 1640
Lexington, Kentucky 40507
Phone: (859) 225-0062
Fax:    (859) 225-0763